UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKEY SMITH,

                    Petitioner,                    Case No. 2:16-cv-11400
                                                   Hon. Sean F. Cox

v.

TONY TRIERWEILER,

                    Respondent.
_____/

**OPINION AND ORDER (1) SUMMARILY DISMISSING PETITION FOR
WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, (2) DENYING
CERTIFICATE OF APPEALABILITY, (3) DENYING PERMISSION TO
PROCEED ON APPEAL IN FORMA PAUPERIS, AND (4) DENYING
MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner, Rickey Smith, has filed a "Motion for Relief From Judgment" which the Court will construe as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges the validity of his Oakland Circuit Court guilty plea conviction for second-degree murder and other lesser offenses. Petitioner wishes to raise five claims in this action: (1) Petitioner was denied the effective assistance of counsel during plea negotiations, (2) the prosecutor committed misconduct, (3) Petitioner's appellate counsel was ineffective for failing to raise his claims on direct appeal, (4) the trial court erred in failing to grant Petitioner an evidentiary hearing, and (5) the prosecutor suppressed exculpatory evidence.

1

Petitioner admits that his claims were not presented to the state courts during his direct appeal. Dkt. 1, at 2. Indeed, Petitioner appears to be somewhat confused about his appellate remedies as he styled the present action as a motion for relief from judgment under Michigan Court Rule 6.501, yet he filed it in Federal Court rather than the state trial court where it should have been filed. The Court will summarily dismiss this petition without prejudice because the petition contains unexhausted claims and Petitioner has failed to show sufficient need for a stay. The Court will also deny Petitioner's motion for appointment of counsel, a certificate of appealability, and permission to appeal in forma pauperis.

I.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

II.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), cited in *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Here, Petitioner admits that he never presented his claims to the state courts during his direct appeal.

The district court can and must raise the exhaustion issue on its own when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss petitions containing unexhausted claims without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas

3

statute was amended to impose a one-year statute of limitations on habeas claims, see 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

Here, Petitioner completed direct review of his conviction when the Michigan Supreme Court denied his application for leave to appeal on November 24, 2015. *People v. Smith*, No. 151921 (Mich. Sup. Ct. Nov. 24, 2015). The one-year statute of limitations began to run under §2244(d)(1)(A) when the ninety-day period for seeking certiorari in the United States Supreme Court expired. See *Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The statute of limitations for filing this case therefore began to run on February 22, 2016, and Petitioner commenced this action on April 11, 2016. Dkt. 1, at 17. Accordingly, less than two months ran on the limitations period, leaving Petitioner with over ten months remaining.

Petitioner has ample time to seek state post-conviction review before filing a federal habeas petition because once Petitioner properly files his motion for state post-conviction review, the statute of limitations will cease to run while that proceeding

4

remains pending in the state courts. See §2244(d)(2). That is, the statute of limitations will only run during the period before Petitioner files his post-conviction motion, and then after it is resolved, before he files his federal habeas petition. Ten months is more than enough time to accomplish these tasks. Therefore, Petitioner is not in danger of running afoul of the statute of limitations, and there is no basis for staying this case rather than dismissing it without prejudice. See *Rhines v. Weber*, 544 U.S. 269, 278 (2005) (stay of habeas case requires showing of "good cause.").

Accordingly, the Court will dismiss the petition without prejudice so that Petitioner may exhaust his state court remedies. He may do this by filing his motion for relief from judgment in the state trial court.

Finally, because the petition will be dismissed, Petitioner's motion for appointment of counsel is denied as moot.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

5

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability. The Court will also deny permission to appeal in forma pauperis because any appeal of this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IV.

Accordingly, for the foregoing reasons,

**IT IS ORDERED**, that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that the motion for appointment of counsel, a certificate of appealability, and permission to appeal in forma pauperis are **DENIED**.


Dated:  April 27, 2016                         S/ Sean F. Cox
                                               Sean F. Cox
                                               U. S. District Judge

I hereby certify that on April 27, 2016, the foregoing document was served on counsel of record via electronic means and upon Rickey Smith via First Class mail at the address below:

RICKEY SMITH 726631
BELLAMY CREEK CORRECTIONAL FACILITY
1727 WEST BLUEWATER HIGHWAY
IONIA, MI 48846
                                               S/ J. McCoy
                                               Case Manager